IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ALEJANDRO FLORES-ROMERO,**

                **Plaintiff,**

     v.                              CASE NO. 07-3269-SAC

**LT. STAR, et al.,**

                **Defendants.**


**O R D E R**

    Plaintiff proceeds pro se on a <u>Bivens</u>[1] complaint filed while plaintiff was incarcerated in a federal facility in South Carolina. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    In this action, plaintiff seeks damages related to his altercation with staff on April 2, 2006, at a federal facility in Leavenworth, Kansas (FCI-LVN). Plaintiff states he was injured by Lt. Star, and continues to experience intermittent excruciating pain, as well as numbness on the left side of his face and head. Plaintiff complains that no effective or specialized medical treatment has been provided for his injuries, and cites the loss of

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

x-rays taken in February 2007. The defendants named in the complaint are Lt. Star, "John Doe" as the FCI-LVN Warden, and "John Doe" as an FCI-LVN Captain.

The court found the complaint too bare to determine whether plaintiff was attempting to assert a constitutional claim regarding his injury, the alleged denial of necessary medical care, or both. It directed plaintiff to supplement the complaint to satisfy the minimal pleading requirements imposed by Fed.R.Civ.P. 8(a), and to provide additional facts to establish the personal participation of each defendant in the alleged wrongdoing.

In a response filed December 3, 2007, plaintiff clarifies that he is seeking relief on allegations of being denied proper medical care. Having reviewed the record, however, the court finds the allegations in the supplemented complaint are insufficient to state a cognizable constitutional claim against any of the named defendants.

Although plaintiff states he was injured by Lt. Star, plaintiff alleges no misconduct by this defendant in the alleged denial of medical care for plaintiff's injuries. The court thus finds no factual basis is presented in the supplemented complaint to proceed further against this defendant.

It also appears plaintiff seeks damages from the remaining two defendants based only upon their administrative responses to plaintiff's administrative complaints of being denied specific diagnostic and medical treatment to address his continuing pain. This is insufficient to state a cognizable constitutional claim against either defendant. The Tenth Circuit Court of Appeals has recognized that allegations of constitutional error state no

2

actionable claim against a prison official whose only involvement was to deny plaintiff's grievance and uphold the assessment of medical personnel. See Larson v. Meek, 04-1169, 2007 WL 1705086, at *3 (10th Cir. June 14, 2007) (unpublished decision) ("Mr. Gillespie's denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.")(*citing* Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002)(per curiam).

Accordingly, to the extent plaintiff seeks relief under Bivens for the alleged violation of his constitutional rights, the court finds any such claim should be summarily dismissed against all named defendants.  See 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief).

To the extent plaintiff may be seeking damages for alleged negligence in the medical care provided for his injury and continuing pain, the court notes that plaintiff's supplemental filing documents the August 2008 denial of plaintiff's administrative claim under the Federal Tort Claims Act (FTCA) seeking damages for inadequate medical care.  The FTCA grants federal courts jurisdiction of civil actions on claims against the United States based upon the negligence of a governmental employee acting within the scope of his employment.  28 U.S.C. §§ 1346, 2671 *et. seq*.  It is the exclusive remedy for personal injury "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1).  A complaint seeking relief under the FTCA must be filed within six months of an agency's

3

denial of a plaintiff's administrative claim.  28 U.S.C. § 2401(b).

Under the circumstances, the court finds it appropriate to allow plaintiff an opportunity, if he chooses to do so, to amend his supplemented complaint to designate he is seeking relief under the FTCA and to name the United States as the sole defendant.[2]  The failure to file a timely and adequate amended supplemented complaint for proceeding under the FTCA will result in this action being dismissed as stating no claim for relief under <u>Bivens</u> for the reasons stated herein, and without further prior notice to plaintiff.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").[3]

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's claims against all defendants under <u>Bivens</u> are dismissed as stating no claim for

---

[2] Plaintiff is advised that this court has not approved any form complaint for seeking relief under the Federal Tort Claims Act.

[3] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

relief, and that the supplemented complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) if plaintiff fails to amend the supplemented complaint within twenty (20) days to pursue relief under the Federal Tort Claims Act.

IT IS FURTHER ORDERED that plaintiff's motions for appointment of counsel (Docs. 6 and 7) are denied without prejudice.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 23rd day of October 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge