IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ALEJANDRO FLORES-ROMERO,**

        **Plaintiff,**

    **v.**                                                **CASE NO. 07-3269-SAC**

**LT. STAR, et al.,**

        **Defendants.**


## O R D E R

Plaintiff, a prisoner incarcerated in a federal correctional facility, proceeds pro se and in forma pauperis on a complaint seeking relief from three defendants on allegations related to an incident while incarcerated in a federal camp in Leavenworth, Kansas (FCI-LVN), and the medical care provided for his resulting injury. Pursuant to a court order, plaintiff supplemented the complaint to clarify the claims being asserted, and in response to the court's directive to show cause why the complaint should not be dismissed as stating no claim for relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

After reviewing plaintiff's supplemental material which included administrative documentation, and finding no cognizable constitutional claim was stated against any of the defendants, the court dismissed all defendants to the extent plaintiff sought relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). 28 U.S.C. § 1915(e)(2)(B)(ii). Noting plaintiff's pervasive allegations of negligence in the original and amended complaint, and plaintiff's inclusion in the

administrative documentation of a claim submitted under the Federal Tort Claims Act (FTCA), the court granted plaintiff a limited opportunity to amend the complaint to proceed under the FTCA against the United States as the sole defendant.

In response, plaintiff submitted an amended complaint which the court liberally construes as asserting jurisdiction under the FTCA against the United States, now named as a defendant. Plaintiff, however, continues to name the original three Leavenworth defendants, and essentially continues to seek relief under *Bivens* on enhanced allegations.

The court finds a response to the FTCA portion of the amended complaint is required.

To the extent plaintiff's amended complaint is an attempt to renew his *Bivens* action against the original three defendants, or to seek reconsideration of the court's dismissal of those defendants from this action, the court finds neither attempt succeeds. Although the amended complaint now further alleges one defendant acted maliciously and sadistically in physically confronting plaintiff as this defendant responded to an incident at the facility, plaintiff's formulaic recitation of the elements of an actionable Eighth Amendment claim without additional factual support is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, plaintiff's attempt to reinstate the defendants and claims previously dismissed by the court is denied. This matter now proceeds on the amended complaint only to the extent plaintiff seeks relief under the FTCA against the United States as the sole defendant.

IT IS THEREFORE ORDERED that plaintiff's attempt to reinstate

defendants and claims previously dismissed by the court is denied.

IT IS FURTHER ORDERED that the amended complaint is liberally construed by the court as presenting a claim under the Federal Tort Claims Act against the United States as the sole defendants, that summons issue according to law, and that the defendant shall file a responsive pleading within sixty days from service of the summons and amended complaint.

**IT IS SO ORDERED.**

DATED:  This 23rd day of March 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge